UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GASKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>MULE CREEK STATE PRISON,<br><br>  Defendant. | Case No. 2:22-cv-00459-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 13<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that he was transferred to Mule Creek State Prison without his personal property. ECF No. 1 at 2-3. He does not name any individual responsible for this deprivation and has sued only the prison itself. He has not made out a cognizable claim. I will give plaintiff leave to amend before recommending that this action be dismissed. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 13.

**Screening Order**

## I.  Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's allegations fail for two reasons.  First, a claim under § 1983 for deprivation of property does not arise "unless and until the State fails to provide" an adequate process to remedy the claimed deprivation of property.  *See Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990).  California law provides adequate post-deprivation remedies for confiscation of property.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Second, Mule Creek State Prison, the only named defendant, is not a viable defendant in a section 1983 action.  *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969).

I will give plaintiff leave to amend and an opportunity to show, if he can, why this action should still proceed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either advise the court of his intent to stand by his initial complaint or file an amended complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

4.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 13, is GRANTED.

IT IS SO ORDERED.

Dated:     November 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE