UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GASKINS,<br><br>          Plaintiff,<br><br>     v.<br><br>MULE CREEK STATE PRISON,<br><br>          Defendant. | Case No.  2:22-cv-00459-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED<br><br>ECF No. 20<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

As in his prior two complaints, plaintiff alleges that he was transferred between prisons without his personal property. ECF No. 20 at 3. As explained in my prior screening orders, Mule Creek State Prison is not a proper defendant, and this is not cognizable claim. Accordingly, I recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was transferred from Mule Creek State Prison to Coalinga State Hospital without one box of his personal property.  ECF No. 20 at 3, 6.  As indicated in my prior orders, a claim under § 1983 for deprivation of property does not arise "unless and until the State fails to provide" an adequate process to remedy the claimed deprivation of property, *see Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990), and California law provides for such process, *see Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Additionally, plaintiff continues to name Mule Creek State Prison as the only defendant; I have instructed him previously that Mule Creek is not a viable defendant in a § 1983 action.  *See Allison v. California Adult Auth.*, 419 F.2d

822, 823 (9th Cir. 1969).

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that this action be dismissed without leave to amend.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    December 16, 2022                       
                                           JEREMY D. PETERSON
                                           UNITED STATES MAGISTRATE JUDGE